IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CITY OF OREM and JAMES LAURET,<br><br>Plaintiffs,<br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-425-JNP-PMW<br><br>District Judge Jill N. Parrish<br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs the City of Orem's and James Lauret's (collectively "Plaintiffs") Motion for Leave to File a First Amended Complaint.[2] Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[3]

## BACKGROUND

In 2014, during the Summerfest Parade sponsored by the City of Orem (the "City"), Nylie and Liam Tanaka (the "Tanakas") were injured by an explosion.[4] Subsequently, the Tanakas filed a personal injury lawsuit in state court against the City and the chairman of the Summerfest, James Lauret ("Mr. Lauret").[5]

---

[1] Dkt. No. 6.
[2] Dkt. No. 18.
[3] Pursuant to DUCivR 7-1(f), the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.
[4] Dkt. No. 2-3 at ¶¶ 6–7.
[5] Dkt. No. 19 at iv–v.

During the incident, the City was covered by a general commercial liability policy issued by Defendant Evanston Insurance Company ("Evanston").[6] Pursuant to the Evanston policy, Plaintiffs tendered the defense of the Tanakas lawsuit to Evanston.[7] After investigating the incident and seeking independent legal advice, Evanston determined that the Tanakas lawsuit fell outside the policy's coverage and, therefore, Evanston had no duty to defend and indemnify the City.[8] In response, Plaintiffs defended the Tanakas lawsuit and eventually reached a settlement.[9]

During the pendency of the Tanakas lawsuit, Plaintiffs filed the above captioned lawsuit in state court seeking a declaratory judgment that Evanston had a contractual duty to defend Plaintiffs and that the Tanakas' claims are covered by the Evanston policy.[10] Plaintiffs also ask for relief under theories of breach of contract and breach of the implied covenant of good faith and fair dealing.[11] Furthermore, Plaintiffs claim they are entitled to "the amount of any costs or expenses defending the [Tanakas' lawsuit], any amount paid in settlement . . . , and any other amounts this court deems just."[12]

On May 20, 2016, Evanston removed this action to federal court.[13] On February 15, 2017, the court granted the parties' stipulated motion for an Amended Scheduling Order.[14] The Amended Scheduling Order specifies that the last day to file amended pleadings was Saturday, April 1, 2017.[15] On April 3, 2017, Plaintiffs filed the instant motion seeking leave to amend the

---

[6] Dkt. No. 19. The policy was originally issued by Essex Insurance Company. However, since the initiation of this lawsuit, Essex Insurance Company merged with Evanston. *Id.* at iii.
[7] Dkt. No. 2-3 at ¶ 11.
[8] Dkt. No. 19 at iv.
[9] *Id.* at v.
[10] Dkt. No. 2-3.
[11] *Id.*
[12] *Id.* at 4–5.
[13] Dkt. No. 2.
[14] Dkt. No. 16.
[15] *Id.* at ¶ 3(a).

complaint to add additional causes of action for breach of fiduciary duty, intentional infliction of emotional distress, and negligent infliction of emotional distress.[16]

## STANDARDS OF REVIEW

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court "should freely give leave [to amend] when justice so requires." Whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). The court may deny leave to amend only where there is a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Evanston's opposition to Plaintiffs' motion relies primarily on futility grounds.[17] The cornerstone of a charge of futility is whether the proposed complaint would survive a motion to dismiss. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (finding plaintiff's "proposed amendments would be futile because the two new claims would be subject to dismissal"). In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court presumes the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007). The court is not bound by a complaint's legal conclusions, deductions, and opinions couched as facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 (2007). Furthermore, though all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains "enough facts to state a

---

[16] Dkt. No. 18.
[17] Dkt. No. 19 at ii.

claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).

## DISCUSSION

In addition to supplementing the causes of action in the original complaint, Plaintiffs' proposed First Amended Complaint adds claims against Evanston for breach of fiduciary duty, intentional infliction of emotional distress, and negligent infliction of emotional distress.[18] Additionally, the First Amended Complaint demands punitive damages.[19] In response, Evanston argues that Plaintiffs' motion should be denied because the motion is untimely, futile, and would make it impossible for the parties to comply with the discovery deadlines set forth in the Amended Scheduling Order.[20]

At the outset, the court recognizes that Plaintiffs' motion was filed in conformity with the Amended Scheduling Order. The Amended Scheduling Order specifies that the deadline to file amended pleadings was Saturday, April 1, 2017.[21] Consistent with Rule 6 of the Federal Rules of Civil Procedure, the parties had until April 3, 2017, to file amended pleadings. *See* Fed. R. Civ. P. 6(a)(2)(C) ("[I]f the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday."). Similarly, discovery deadlines are rarely set in stone. The court has discretion to adjust discovery deadlines to accommodate the needs of the case. Therefore, the Amended Scheduling Order poses no bar to Plaintiffs' motion.

---

[18] *See* Dkt. No. 18-1.
[19] *Id.* at 9.
[20] Dkt. No. 19 at ii.
[21] Dkt. No. 16 at ¶ 3(a).

In the court's view, Plaintiffs' motion should be granted unless the court finds that allowing Plaintiffs to amend would be futile. The court has carefully reviewed the First Amended Complaint and finds that Plaintiffs fail to satisfy the facial plausibility demands of Rule 12(b)(6). Plaintiffs merely recite legal conclusions and do not offer the court a factual basis demonstrating they are entitled to relief. Accordingly, Plaintiffs' Motion for Leave to file a First Amended Complaint is denied.

**A. Breach of the Implied Covenant of Good Faith and Fair Dealing**

The First Amended Complaint includes additional allegations that Evanston's denial of coverage was in violation of the implied covenant of good faith and fair dealing.[22] The contractual nature of an insurance relationship imposes a duty on an insurer to "perform a[n] . . . insurance contract in good faith." *Beck v. Farmers Ins. Exchange*, 701 P.2d 795, 801 (Utah 1985). The "implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim." *Id.* (citations omitted). However, "when an insured's claim is fairly debatable, the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to do so." *Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 465 (Utah 1996) (citations omitted). Moreover, "[w]hether an insured's claim is fairly debatable under a given set of facts is . . . a question of law." *Id.* at 464.

Evanston argues that Plaintiffs' claim for coverage was reasonably debatable and, therefore, Evanston cannot be liable for breaching the implied covenant of good faith and fair dealing.[23] Evanston has put the cart before the horse, so to speak. At this stage, the court is only

---

[22] *See* Dkt. No. 18-1.
[23] Dkt. No. 19 at 2–4.

5

concerned that Plaintiffs have proffered a plausible factual basis to support their theory that Evanston violated the implied covenant of good faith and fair dealing. In this regard, the First Amended Complaint is devoid of any facts suggesting that Evanston violated the implied covenant of good faith and fair dealing.

The First Amended Complaint simply asserts legal conclusions. For example, Plaintiffs contend that Evanston breached its duty by: unreasonably delaying in acting upon Plaintiffs' claims, unreasonably investigating Plaintiffs' claims, causing undue financial distress to Plaintiffs, and "other wrongful and illegal conduct."[24] Plaintiffs do not offer how Evanston's denial of coverage was unreasonable, how its investigation was deficient, or how Plaintiffs' claim for coverage could not reasonably be debated. Plaintiffs fail to even cite the policy language that entitles them to coverage. Incongruously, Plaintiffs' reply brief goes to great lengths to outline facts suggesting that Evanston knew denying Plaintiffs' coverage would be inconsistent with the policy presented to Plaintiffs.[25] Yet, none of these facts are pled in the First Amended Complaint. On a motion for leave to amend, the court is required to focus on the proposed amendments to determine whether leave should be granted. Without sufficient facts, the court cannot test Plaintiffs' claims for plausibility. Accordingly, Plaintiffs are denied leave to amend as to the implied covenant of good faith and fair dealing.

### B. Breach of Fiduciary Duty

The proposed First Amended Complaint alleges that Evanston's denial of coverage amounted to a breach of fiduciary duty.[26] Under Utah law, an insurance policy covenant "requiring the insurer to defend the insured" imposes upon an insurer a "fiduciary

---

[24] Dkt. No. 18-1 at ¶ 23.
[25] *See* Dkt. No. 22 at ¶¶ 2–3 (outlining how Evanston knew the debated policy "Endorsement" was not attached to the policy delivered to Plaintiffs).
[26] Dkt. No. 18-1 at ¶ 27.

responsibility." *Ammerman v. Farmers Ins. Exch.*, 430 P.2d 576, 578 (Utah 1967). To prove a breach of a fiduciary duty, "a plaintiff must demonstrate that the defendant owed a duty, the defendant breached the duty, the plaintiff suffered damages, and the plaintiff's damages were actually and proximately caused by the defendant's breach." *Giles v. Mineral Res. Int'l, Inc.*, 2014 UT App 259, ¶ 6, 338 P.3d 825 (citing *Christensen & Jensen, PC v. Barrett & Daines*, 2008 UT 64, ¶ 23, 194 P.3d 931).

Evanston claims that a "breach of the implied covenant of good faith is a claim for breach of fiduciary duty."[27] Therefore, allowing Plaintiffs leave to add a claim for breach of fiduciary duty would be "superfluous and redundant."[28] Moreover, Evanston asserts that because Plaintiffs' claim for coverage was reasonably debatable, Evanston cannot be liable for breaching its fiduciary duty.[29]

Perceived superfluity and redundancy aside, Plaintiffs offer no factual support for their breach of fiduciary duty allegations. For instance, the First Amended Complaint alleges that Evanston breached its fiduciary duty to Plaintiffs by: failing to promptly defend Plaintiffs in the Tanakas' lawsuit; "unreasonably acting in conflict of interest to Plaintiffs' detriment"; "refusing to perform a reasonable investigation of Plaintiffs' claims"; and "other wrongful and illegal conduct."[30] Plaintiffs do not state what conflict of interest Evanston had with Plaintiffs or how Evanston failed to perform a reasonable investigation. It is axiomatic that legal conclusions, without supporting facts, cannot survive a Rule 12(b)(6) motion to dismiss. Accordingly, Plaintiffs are denied leave to amend as to their breach of fiduciary duty claim.

---

[27] Dkt. No. 19 at 4.
[28] Dkt. No. 19 at 5.
[29] *Id.*
[30] Dkt. No. 18-1 at ¶ 28.

### C. Intentional Infliction of Emotional Distress & Negligent Infliction of emotional Distress

The First Amended Complaint alleges that by denying coverage to the City, Evanston intentionally and/or negligently caused Mr. Lauret to suffer emotional distress.[31] In response, Evanston argues that granting Plaintiffs' leave to amend under theories of intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") would be futile because Plaintiffs have failed to offer sufficient facts under either theory.[32] The court agrees.

To sustain a claim for relief under a theory of intentional infliction of emotional distress ("IIED"), a plaintiff must allege:

> (i) the defendant's conduct is outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (ii) the defendant intends to cause, or acts in reckless disregard of the likelihood of causing, emotional distress; (iii) the plaintiff suffers severe emotional distress; and (iv) the defendant's conduct proximately causes the plaintiff's emotional distress

*Hatch v. Davis*, 2004 UT App 378, ¶ 40, 102 P.3d 774, *aff'd*, 2006 UT 44, ¶ 40, 147 P.3d 383 (citation omitted). The burden of proving outrageous conduct by the defendant is a "heavy one." *Ankers v. Rodman*, 995 F. Supp. 1329, 1335 (D. Utah. 1997). "To be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair." *Nguyen v. IHC Health Servs., Inc.*, 2010 UT App 85, ¶ 9, 232 P.3d 529 (citations omitted). Liability for IIED does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Restatement (Second) of Torts § 46 cmt. d (1965).

In this case, Plaintiffs have failed to plausibly state a claim for IIED. The few facts offered by Plaintiffs demonstrate that this is a straightforward breach of contract case. The operative question is whether Plaintiffs' claims were covered under Evanston's policy and, in

---

[31] *Id.* at ¶¶ 33–35.
[32] Dkt. No. 19 at 5–7.

8

turn, whether Evanston had a duty to defend Plaintiffs in the Tanakas lawsuit. The First Amended Complaint does not allege any facts demonstrating that Evanston's conduct would evoke outrage or revulsion or that Evanston's denial of coverage could plausibly be seen as anything more than unreasonable, unkind, or unfair. Similarly, aside from naked legal conclusions, there are no factual allegations suggesting that Mr. Lauret suffered emotional distress.[33]

Plaintiffs' NIED claim suffers from the same pleading flaws. To sustain a claim for NIED, a plaintiff must allege:

> (1) the defendant unintentionally caused emotional distress to the plaintiff; (2) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person; (3) the defendant, from facts known to him, should have realized that the distress, if it were caused, might result in illness or bodily harm; and (4) the emotional distress resulted in illness or bodily harm to the plaintiff.

*Candelaria v. CB Richard Ellis*, 2014 UT App 1, ¶ 9, 319 P.3d 708 (quotations and citations omitted). Plaintiffs do not allege that Mr. Lauret suffered illness or bodily harm. Plaintiffs merely assert that Mr. Lauret suffered "severe emotional and physical distress, shock, and other painful emotions."[34] In a post-*Twombly* and *Iqbal* world, this is not enough to survive a Rule 12(b)(6) motion to dismiss. Accordingly, Plaintiffs are denied leave to amend to assert claims against Evanston for IIED and NIED.

### D. Punitive Damages

Plaintiffs' First Amended Complaint seeks additional recovery for "punitive and exemplary damages in an amount to be determined at the time of trial."[35] Evanston counters that

---

[33] Dkt. No. 18-1 at ¶ 33 (stating that Mr. Lauret suffered "severe emotional and physical distress, shock, and other painful emotions").
[34] *Id.*
[35] Dkt. No. 18-1 at 9.

the First Amended Complaint contains no facts "that would justify an award of punitive damages" under Utah law.[36]

"Punitive damages, as a remedy sought for a certain claim, are not subject to the *Twombly* and *Iqbal* standards." *Dowdy v. Coleman Co.*, No. 1:11CV45DAK, 2011 WL 6151432, at *4 (D. Utah Dec. 12, 2011) (interpreting the standard of review for a motion to dismiss where defendant sought to dismiss plaintiff's punitive damages claim under Utah law). Rather, the claim for which they are sought is subject to the facial plausibility standard. *Id.* Therefore, as long as the underlying claims satisfy *Twombly* and *Iqbal*, a plaintiff may be granted leave to amend to seek punitive damages. *Id.*

Under Utah law, "[t]he general rule is that punitive damages cannot be awarded for a breach of contract." *Jorgensen v. John Clay & Co.*, 660 P.2d 229, 232 (Utah 1983) (citing cases). Punitive damages are, "however, allowed where the breach of contract amounts to an independent tort." *Norman v. Arnold*, 2002 UT 81, ¶ 35, 57 P.3d 997 (quotations and citation omitted). For example, a claim for breach of fiduciary duty is "an independent tort that, on occasion, arises from a contractual duty, and can serve as the basis for punitive damages." *Id.* Conversely, the Utah Supreme Court has held that a plaintiff cannot seek punitive damages where the plaintiff's claims "sound exclusively in contract." *See Smith v. Grand Canyon Expeditions Co.*, 2003 UT 57, ¶ 29, 84 P.3d 1154 (affirming the trial court's denial of punitive damages for a breach of the implied covenant of good faith and fair dealing).

The court has rejected Plaintiffs attempt to amend the complaint to seek recovery in tort. Plaintiffs' remaining causes of action sound exclusively in contract. Therefore, the court finds that granting Plaintiffs leave to amend the complaint to seek punitive damages would be futile.

---

[36] Dkt. No. 19 at 8.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Leave to File a First Amended Complaint[37] is **DENIED**.

IT IS SO ORDERED.

Dated this 5th day of May, 2017.

BY THE COURT:

Paul M. Warner
Chief United States Magistrate Judge

---

[37] Dkt. No. 59.