IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CITY OF OREM and JAMES LAURET,<br><br>Plaintiffs,<br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-425-JNP-PMW<br><br>District Judge Jill N. Parrish<br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are two motions: (1) Plaintiffs the City of Orem's and James Lauret's (collectively, "Plaintiffs") Short Form Motion to Compel Defendant to Respond to Discovery Requests[2] and (2) Defendant Evanston Insurance Company's ("Evanston") Motion to Strike Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Short Form Motion to Compel and Plaintiffs' Revised Order.[3] Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[4]

**BACKGROUND**

In 2014, during the Summerfest Parade sponsored by the City of Orem (the "City"), Nylie and Liam Tanaka (the "Tanakas") were injured by an explosion.[5] Subsequently, the

---

[1] Dkt. No. 6.
[2] Dkt. No. 37.
[3] Dkt. No. 45.
[4] Pursuant to DUCivR 7-1(f) and DUCivR 37-1, the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.
[5] Dkt. No. 2-3 at ¶¶ 6–7.

Tanakas filed a personal injury lawsuit in state court against the City and the chairman of the Summerfest Parade, James Lauret ("Mr. Lauret").[6]

During the incident, the City was covered by a general commercial liability policy issued by Evanston.[7] Pursuant to the Evanston policy, Plaintiffs tendered the defense of the Tanakas lawsuit to Evanston.[8] After investigating the incident and seeking independent legal advice, Evanston determined that the Tanakas lawsuit fell outside the policy's coverage and, therefore, Evanston had no duty to defend and indemnify the City.[9] In response, Plaintiffs defended the Tanakas lawsuit and eventually reached a settlement.[10]

During the pendency of the Tanakas lawsuit, Plaintiffs filed the above captioned lawsuit in state court seeking a declaratory judgment that Evanston had a contractual duty to defend Plaintiffs and that the Tanakas' claims are covered by the Evanston policy.[11] Plaintiffs also ask for relief under theories of breach of contract and breach of the implied covenant of good faith and fair dealing.[12] Furthermore, Plaintiffs claim they are entitled to "the amount of any costs or expenses defending the [Tanakas' lawsuit], any amount paid in settlement . . . , and any other amounts this court deems just."[13] On May 20, 2016, Evanston removed this action to federal court.[14]

On February 10, 2017, Plaintiffs served Evanston with a Rule 30(b)(6) deposition notice specifying two areas of inquiry: (1) Evanston's "general claims procedures," including

---

[6] Dkt. No. 19 at iv–v.
[7] Dkt. No. 19. The policy was originally issued by Essex Insurance Company. However, since the initiation of this lawsuit, Essex Insurance Company merged with Evanston. *Id.* at iii.
[8] Dkt. No. 2-3 at ¶ 11.
[9] Dkt. No. 19 at iv.
[10] *Id.* at v.
[11] Dkt. No. 2-3.
[12] *Id.*
[13] *Id.* at 4–5.
[14] Dkt. No. 2.

Evanston's related claims manual(s) and (2) Evanston's underwriting of similar insurance policies, including "rating schedules, criteria for determining premiums, permissible risks, risks that are unacceptable, risks that require or don't require approval from underwriting department, risks that are within the discretion of underwriters, agents or brokers, rating schedules filed with the State of Utah Insurance Department, and the like."[15]

Prior to the Rule 30(b)(6) depositions, Evanston informed Plaintiffs that it would not provide testimony on these issues.[16] Evanston argues that there was no claims manual in place when the City's claim was evaluated.[17] Additionally, Evanston claims its "policies, procedures, guidelines, and related underwriting documents" are "confidential and proprietary."[18] Therefore, Evanston argues that Plaintiffs are not entitled to underwriting material beyond "what was utilized to underwrite the policy at issue and evaluate the risk involved with this specific policy."[19]

On June 20, 2017, Plaintiffs' filed the instant motion to compel Evanston to disclose the information contained in Plaintiffs' Rule 30(b)(6) notice.[20] On June 23, 2017, Evanston filed an opposition to Plaintiffs' motion to compel.[21] Subsequently, Plaintiffs filed a reply memorandum and proposed order.[22] In response, Evanston filed a motion to strike Plaintiffs' reply brief pursuant to DUCivR 37 and to strike Plaintiffs' proposed order.[23]

---

[15] Dkt. No. 37 at ¶ 1.
[16] *Id.*
[17] Dkt. No. 42 at 2. Evanston argues that Carlynn Goodman testified that Evanston did not have a claims manual at the time the City's claim was submitted. *Id.*
[18] *Id.* at 3.
[19] *Id.*
[20] Dkt. No. 37.
[21] Dkt. No. 42.
[22] Dkt. Nos. 43, 44.
[23] Dkt. No. 45.

# DISCUSSION

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Relevant information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the federal rules is broad" and "discovery is not limited to issues raised by the pleadings, for discovery . . . is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Importantly, however, discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The factors that weigh on proportionality are: "[1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

For the reasons that follow, Plaintiffs' motion to compel is granted in part and denied in part. If a claims manual existed during the creation and administration of the City's policy, it is relevant to Plaintiffs' claims and discoverable. Accordingly, the court orders Evanston to produce any claims manual that would have assisted Evanston's claims adjusters in evaluating the City's claim for coverage. This order should be construed broadly. A claims manual may include any company policy or procedure that would have assisted a claims adjuster in addressing the City's claim.

With respect to Evanston's underwriting materials, the court agrees with Evanston that Plaintiffs are only entitled to the underwriting information utilized to underwrite the City's policy. As it is written, Plaintiffs' request is overly broad and is not proportional to the needs of

the case.  Therefore, Evanston is ordered to produce any underwriting policies, procedures, and guidelines utilized by Evanston in underwriting the City's policy.  Furthermore, the court encourages the parties to utilize the court's standard protective order to protect any information disclosed by Evanston that Evanston deems confidential and proprietary.  *See* DUCivR 26-2.

Finally, Evanston's motion to strike is granted.  In December 2016, the local rules for the District of Utah were amended.  As of December, all civil discovery disputes must follow the short form discovery motion procedure outlined in DUCivR 37-1.  Once a short form discovery motion is filed, the court may: (1) decide the issue on the basis of the written memoranda; (2) set a hearing; or (3) request further briefing and set a briefing schedule.  *See* DUCivR 37-1(7).  Importantly, DUCivR 37-1 does not grant the moving party a reply brief as of right.  Accordingly, Evanston's motion to strike is granted.

## CONCLUSION

Based on the foregoing, Plaintiffs' Short Form Motion to Compel Defendant to Respond to Discovery Requests[24] is **GRANTED IN PART AND DENIED IN PART**.  Evanston's Motion to Strike Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Short Form Motion to Compel and Plaintiffs' Revised Order[25] is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 3rd Day of July, 2017.

                                                    **BY THE COURT:**

                                                    Paul M. Warner
                                                    Chief United States Magistrate Judge

---

[24] Dkt. No. 37.
[25] Dkt. No. 45.