IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CITY OF OREM and JAMES LAURET,<br><br>Plaintiffs,<br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE**<br><br>Case No. 2:16-cv-425-JNP-PMW<br><br>District Judge Jill N. Parrish<br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Evanston Insurance Company's ("Evanston") Motion to Strike Plaintiffs the City of Orem's and James Lauret's (collectively, "Plaintiffs") Memorandum in Opposition to Defendant's Short Form Discovery Motion to Quash Subpoena.[2] Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[3]

Evanston argues that Plaintiffs' opposition to Evanston's motion to quash should be stricken for two reasons. First, Evanston argues that Plaintiffs' opposition brief is untimely because DUCivR 37-1 requires that an opposing party file "its response three business days after the filing of the motion."[4] Second, Evanston claims that Plaintiffs' opposition memorandum contains 733 words, which exceeds the word limit authorized by DUCivR 37-1.[5]

Rule 1 of the Federal Rules of Civil Procedure requires the parties to aid the court in ensuring the "just, speedy, and *inexpensive* determination of every action and proceeding."

---

[1] Dkt. No. 6.
[2] Dkt. No. 51.
[3] Pursuant to DUCivR 7-1(f) and DUCivR 37-1, the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.
[4] Dkt. No. 51 at 1 (emphasis in original).
[5] *Id.* at 2.

1

(emphasis added). Evanston's motion to strike not only flies in the face of Rule 1's mandate but also misrepresents the court's short form discovery motion procedure. DUCivR 37-1 states that a party opposing a short form discovery motion has "five business days" in which to file an opposition, unless otherwise ordered by the court. DUCivR 37-1(6). DUCivR 37-1 further specifies that its time limitation is not subject to the additional three days provided for by Rule 6(d) of the Federal Rules of Civil Procedure. *Id.* at n.6. Additionally, DUCivR 37-1 limits an opposition memorandum to 500 words exclusive of the caption and signature block. *Id.*

Evanston's motion to quash was filed on June 29, 2017.[6] Therefore, any opposition by Plaintiffs was due on or before July 7, 2017. Plaintiffs' opposition memorandum was timely filed on July 6, 2017.[7] While the court is not in the business of providing litigation advice, the court recommends that if Evanston wishes to throw such a paltry punch, it should at a minimum accurately represent the court's rules and procedures.

Evanston is correct that Plaintiffs' opposition memorandum exceeded the word count limitations outlined in DUCivR 37-1. However, in light of Evanston's frivolous argument that Plaintiffs' opposition was untimely, the court will overlook Plaintiffs' technical violation of the rule and consider their opposition memorandum as a whole.

---

[6] Dkt. No. 47.
[7] Dkt. No. 49.

2

Based on the foregoing, Evanston's Motion to Strike Plaintiffs' Memorandum in Opposition to Defendant's Short Form Discovery Motion to Quash Subpoena[8] is **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th Day of July, 2017.

**BY THE COURT:**

Paul M. Warner
Chief United States Magistrate Judge

---

[8] Dkt. No. 51.