IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CITY OF OREM and JAMES LAURET,<br><br>Plaintiffs,<br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT EVANSTON INSURANCE COMPANY'S SHORT FORM MOTION TO QUASH SUBPOENA**<br><br>Case No. 2:16-cv-425-JNP-PMW<br><br>District Judge Jill N. Parrish<br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Evanston Insurance Company's Short Form Discovery Motion to Quash Subpoena (the "Motion"). Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

On June 20, 2017, City of Orem and James Lauret (collectively "Plaintiffs") served on Burns and Wilcox, a non-party, a subpoena requesting Evanston Insurance Company's ("Evanston") underwriting guidelines (the "Subpoena"). Evanston essentially makes three

---

[1] Dkt. No. 6.

arguments in support of the Motion. First, Evanston argues that the Subpoena improperly "circumvents" Fed. R. Civ. P. 34 by seeking documents from a non-party, instead of through a discovery request to Evanston. Second, Evanston argues that the Subpoena should be quashed because it seeks "confidential and proprietary" documents. Finally, Evanston argues that the Subpoena was untimely and did not allow for adequate time to comply.

For their part, Plaintiffs argue that the underwriting guidelines are relevant and although they concede that service of the Subpoena to Evanston was technically untimely, Evanston is not prejudiced by the untimely service.

## DISCUSSION

Evanston's first argument in support of the Motion's request to quash the Subpoena is that Plaintiffs may not subpoena a non-party to produce a document that it did not request from a party under Rule 34. This is not the rule.

Rule 34 provides that "[a] party *may* serve on any party a request within the scope of Rule 26(b) . . . to produce . . . items in the responding party's possession, custody, or control" including documents and tangible things. Fed. R. Civ. P. 34(a) (emphasis added). Although Rule 34 permits a party to request production of documents in the responding party's possession, custody, or control, Plaintiffs are not prevented from obtaining such documents from a non-party also in possession of them. Indeed, "there is more than one way to skin the discovery cat— getting at needed information through so many different modes, whether *document requests*, interrogatories, depositions, *third party subpoenas*, or requests for admission, to name but a few . . ." Regan-Touhy v. Walgreen Co., 526 F.3d 641, 647 (10th Cir. 2008) (emphasis added).

2

The court rejects Evanston's argument that the Subpoena "circumvents" Rule 34, and declines to quash the Subpoena on that basis.

Evanston's timeliness arguments are equally unpersuasive. Evanston contends that the Subpoena was untimely because it was served on Evanston the same day it was served on Burns and Wilcox, and because it was served ten days prior to the close of discovery and should therefore be quashed. Evanston argues that this untimeliness has deprived Burns and Wilcox of a reasonable time to comply, and deprived Evanston of the notice to which it is entitled.

Pursuant to Fed. R. Civ. P. 45(d)(3)(A), the court

> must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

DUCivR 45-1 provides that a "subpoena may not be served upon the nonparty until four (4) days after the service of the notice" on the party pursuant to Fed. R. Civ. P. 45(a)(4).

The Subpoena was served on June 20, 2017, ten days before the close of fact discovery. Although the time to serve discovery requests expired on May 31, 2017, Plaintiffs acted promptly after discovering that Burns and Wilcox possessed the underwriting guidelines to serve the Subpoena. As to notice, Evanston has now had substantially more than four days' notice. Evanston is not prejudiced by the untimely service of notice. It has not been deprived of the opportunity to object to the Subpoena, which it has done in the Motion. In addition, service of the Subpoena ten days prior to the fact discovery deadline is not untimely. Burns and Wilcox was been given adequate time to respond to a request to produce a single document. Therefore, the Subpoena will not be quashed on the basis of untimeliness or a failure to allow reasonable time to comply.

Evanston also argues that the Subpoena should be quashed because it requests "confidential and proprietary" information. Rule 45 requires a Subpoena to be quashed or modified if it "requires disclosure of privileged or other protected matter, *if no exception or waiver applies*[.]" Fed. R. Civ. P. 45(d)(A)(3)(iii) (emphasis added). Here, the Standard Protective Order of Local Rule 26 provides an exception. Pursuant to DUCivR 26-2, "the Standard Protective Order . . . shall govern and discovery under the Standard Protective Order shall proceed." If the requested underwriting guidelines contain confidential and proprietary information, then such information is subject to the Standard Protective Order. The court declines to quash the Subpoena on the basis that the underwriting guidelines may contain such information.

Finally, neither Burns and Wilcox nor Evanston will be subject to undue burden by complying with a request to produce a single document. The request for a single document is neither burdensome nor voluminous.

## CONCLUSION

For all the foregoing reasons, and in the spirit of open discovery, the Motion is **DENIED**. Burns and Wilcox shall comply with the Subpoena by September 12, 2017.

**IT IS SO ORDERED**.

DATED this 29th day of August, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge