# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| CITY OF OREM and JAMES LAURET,<br><br>*Plaintiffs*,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>*Defendant*. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THIRD CAUSE OF ACTION**<br><br>Case No. 2:16-cv-00425-JNP-PMW<br><br>Judge Jill N. Parrish<br>Magistrate Judge Paul M. Warner |

Before the Court is Defendant's Motion to Dismiss Third Cause of Action (ECF No. 64). For the reasons set forth below, the motion is GRANTED. Plaintiffs' third cause of action is dismissed without prejudice. Plaintiffs have fourteen days from the date of this Order to amend their complaint.

## I.      INTRODUCTION

This is an insurance case. Plaintiffs City of Orem and James Lauret (collectively, "Orem") were sued when two minor children were injured at the 2014 City of Orem Summerfest Parade. Orem sought indemnifications from its insurer, Evanston Insurance Company (formerly known as Essex Insurance Company). Evanston refused to indemnify Orem, citing an endorsement that Evanston claims is part of Orem's policy. Orem claims that the endorsement is not part of the policy and brought claims against Evanston for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. Evanston has now moved to dismiss Orem's third cause of action, breach of the implied covenant of good faith and

fair dealing, on the grounds that Orem has failed to allege that Evanston denied coverage in bad faith. The Court agrees and therefore dismisses Orem's third cause of action without prejudice.

## II. FACTUAL ALLEGATIONS[1]

Evanston issued a general liability insurance policy (the "Policy") to Orem for the purpose of providing various coverages for the 2014 Summerfest Parade. *See* Compl. ¶ 8. The Policy requires that Evanston defend lawsuits and indemnify Orem from liability for occurrences within the scope of the Policy. *See* Compl. ¶ 10.

During the 2014 Summerfest Parade, two children were injured. Compl. ¶ 7. The children's parents sued Orem based on the injuries. Compl. ¶ 6. Orem tendered the lawsuit to Evanston. Compl. ¶ 11. But Evanston denied coverage. Compl. ¶ 12.

Evanston denied coverage based on an exclusion that Orem claims "was not part of the [P]olicy." Compl. ¶ 24. The endorsement is titled the Special Event and Spectator Liability Exclusions (the "Endorsement"). ECF No. 73-5 at 3. The Endorsement provides, in relevant part:

> This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury":
> . . .
> b. Arising out of any charges or allegations of negligent hiring, training, placement or supervision;
> c. Arising out of participating, in any capacity, in a demonstration, exhibition, contest, competition, show, race, performance, game or other special event . . . .

ECF No. 73-5 at 3.

---

[1] Orem attached additional evidence to its Opposition in what appears to be an attempt to convert Evanston's motion to dismiss into a motion for partial summary judgment. The Court, however, needs only to rely on Orem's complaint and the relevant policy language for the purposes of this motion. *See Prince v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) ("[W]hen a district court relies on material from outside of the pleadings, the court converts the motion to dismiss into a motion for summary judgment . . . , [a]nd when such a conversion occurs, the district court must provide the parties with notice so that all factual allegations may be met with countervailing evidence."). Similarly, the Court disregards the additional facts included in Evanston's statement of facts and Orem's responses to those facts.

In support of the third cause of action, Orem alleges that "[Evanston] has breached the covenant of good faith and fair dealing by, among other things, denying coverage based upon an endorsement which was not part of the [P]olicy." Compl. ¶ 24. Orem fails to allege any facts relevant to the determination of whether Evanston breached the covenant of good faith and fair dealing. *See generally* Compl. For example, Orem does not allege that Evanston (1) did not diligently investigate the claim, (2) did not fairly evaluate the claim, or (3) did not act promptly and reasonably after evaluation of the claim. *See generally* Compl.

### III.  DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim when the plaintiff fails to state a claim upon which relief can be granted. The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties may present at trial but to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has alleged facts that allow "the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To determine whether a complaint contains sufficient factual matter, a court carries out a two-step analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," which includes allegations that are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-81. Second, the court considers the remaining factual allegations that are entitled to the assumption of truth "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, the plaintiff's claim survives the motion to dismiss. *Id.* at 679. A complaint is insufficient if it contains "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 678.

### A. WHETHER OREM HAS STATED A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

In *Beck v. Farmers Insurance Exchange*, the Utah Supreme Court identified three minimal duties that "the implied obligation of good faith performance contemplates," namely that "[1] the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, [2] will fairly evaluate the claim, and [3] will thereafter act promptly and reasonably in rejecting or settling the claim." 701 P.2d 795, 801 (Utah 1985).

Here, Orem has failed to allege sufficient facts to plausibly establish that Evanston breached the covenant of good faith and fair dealing. Orem's conclusory allegations suggest that Evanston acted in bad faith. But Orem's claim to relief must be based not upon conclusory allegations but upon well-pleaded factual allegations. *See Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Indeed, if the allegations are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

Orem's allegations supporting its third cause of action essentially amount to three assertions: (1) the Endorsement was not part of the Policy; (2) Evanston relied on the Endorsement to deny coverage; and (3) reliance on the Endorsement was unfounded. But none of these allegations go to elements necessary to establish a claim for breach of the implied covenant of good faith and fair dealing. The complaint is devoid of facts showing how Evanston acted unreasonably, how Evanston's evaluation was deficient or untimely, or how Orem's insurance claim was not reasonably debatable.

The only factual allegation supporting Orem's claim is that Evanston relied on the Endorsement to deny coverage. But the Court cannot find that this plausibly suggests that Evanston acted in bad faith. Doing so would be tantamount to holding that a plaintiff plausibly establishes that a defendant acted in bad faith whenever the plaintiff alleges that a denial of coverage was erroneous. Admittedly, sometimes the reason for denial may be so blatantly improper that a court can infer that the insurance company acted in bad faith. But that is not the case here. There is nothing about reliance on the Endorsement that strikes the Court as necessarily unreasonable. Without more, Orem fails to nudge its claim across the line from conceivable to plausible.

Accordingly, the Court finds that Orem has failed to allege sufficient facts to plausibly establish that Evanston breached the implied covenant of good faith and fair dealing. *See Scheffler v. Am. Republic Ins. Co.*, No. 11-cv-0760, 2012 WL 602187, at *3 (N.D. Okla. Feb. 23 2012) (holding that plaintiff failed to state a claim for breach of the implied covenant of good faith and fair dealing because her claim was "based solely on the fact that she was not paid the insurance proceeds under the policy").

### B. WHETHER THE COURT SHOULD GRANT LEAVE TO AMEND

Generally, leave to amend should be granted. *See* Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied when there is a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Evanston has not argued that Orem's third cause of action should be dismissed with prejudice, and the Court is not convinced that amendment would be futile. The Court reminds Orem that it must plead facts, not legal conclusions, to support its third cause of action. A complaint that simply asserts legal conclusions, like the one rejected by Judge Warner, will not suffice. *See* ECF No. 23 at 6 (holding that Orem's proposed amended complaint [ECF No. 18-1] failed to state a claim for breach of the implied covenant of good faith and fair dealing).

### IV.    CONCLUSION AND ORDER

For the reasons set forth above, Defendant's Motion to Dismiss Third Cause of Action is GRANTED. Plaintiffs' third cause of action is dismissed without prejudice. Plaintiffs have fourteen days from the date of this Order to amend their complaint.

Signed October 27, 2017

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge